UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No. 8:24-cr-311-KKM-NHA

ANTHONY TREGILLUS

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(2), the United States of America moves for an order of forfeiture against the defendant in the amount of $381,348.00, representing the amount of proceeds he personally obtained as the result the conspiracy to commit health care fraud offense charged in Count One of the Information. In support, the United States submits the following.

**MEMORANDUM OF LAW**

I.   **Statement of Facts**

   A.   **Allegations Against the Defendant**

   1.   The defendant was charged in an Information with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Doc. 1.

   2.   The forfeiture allegations notified the defendant that, under 18 U.S.C. § 982(a)(7), the United States intended to forfeit any property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to, an order of forfeiture in the amount of $381,348.00. *Id.* at 10.

### B.    Findings of Guilt and Admissions Related to Forfeiture

3. The defendant pleaded guilty to Count One of the Information. Docs. 17 and 21. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 23. *Id.*

4. In his plea agreement (Doc. 7 at 20-26), the defendant admitted that he personally obtained $381,348.00 in fraud proceeds from the conspiracy to commit health care fraud as charged in Count One of the Information.

5. Pursuant to 18 U.S.C. § 982(a)(7), the defendant admitted and agreed that the United States was entitled to an order of forfeiture in the amount of $381,348.00, representing the amount of proceeds the defendant personally obtained as a result of the conspiracy to commit health care fraud. Doc. 7 at 8. Moreover, the defendant agreed that the order of forfeiture would be final upon entry. *Id.* at 10.

## II.   Applicable Law

### A.    Forfeiture Statute

In sentencing a person convicted of a conspiracy to commit health care fraud (in violation of 18 U.S.C. § 1349), the Court's authority to enter an order of forfeiture against a defendant is found in 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a health care fraud offense.

### B. Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate any of the specific property traceable to the defendant's offense, the United States seeks an order of forfeiture against the defendant in the amount of $381,348.00, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, he personally obtained $381,348.00 in proceeds as a result of the offense. If the Court finds that the defendant obtained at least $381,348.00 as a result of his participation in the offense and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court,

pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(2), enter an Order of Forfeiture against the defendant in the amount of $381,348.00.

The United States further requests that, in accordance with his Plea Agreement (Doc. 176 at 10-11), the order of forfeiture become final as to the defendant at the time it is entered.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

        Respectfully Submitted,

        ROGER B, HANDBERG
        United States Attorney

By:    s/*James A. Muench*
        JAMES A. MUENCH
        Assistant United States Attorney
        Florida Bar Number 472867
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        (813) 274-6000 – telephone
        E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
